# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-2000 - BRO (AS) | Date | February 3, 2014 |
|---|---|---|---|
| Title | Victor Esteban Alvarado, Petitioner v. G.J. Janda, Warden, Respondent. | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings:** **(IN CHAMBERS)** ORDER TO SHOW CAUSE

On December 26, 2013, Victor Esteban Alvarado ("Petitioner") filed a Petition for Writ of Habeas Corpus by a person in state custody ("Petition"), pursuant to 28 U.S.C. § 2254 (Docket Entry No. 1). The Petition challenges the sufficiency of the evidence supporting Petitioner's convictions for robbery and burglary and the trial court's failure to give a jury instruction. (Pet. 5.) These two claims were presented in Petitioner's appeal on direct review and are thus exhausted. People v. Alvarado, No. G045482 (Cal. Ct. App. January 17, 2013). Petitioner also presented an application to stay the proceedings so that he could exhaust five additional grounds for habeas relief that are currently pending in a state habeas petition filed in the Orange County Superior Court. (Pet. 21.)

On January 3, 2014, the Court issued an Order advising Petitioner that a court may only grant a stay in habeas proceedings if the habeas petition before the Court is a mixed petition (i.e., one containing both exhausted and unexhausted claims). The Court explained that it could not grant Petitioner's application for a stay because his federal petition did not contain any unexhausted claims. Accordingly, Petitioner was advised that, in order to properly apply for a stay to exhaust additional claims, he must first amend the instant federal Petition to include the claims he is presently pursuing in the Orange County Superior Court. The Court also advised Petitioner that, alternatively, he could (1) voluntarily dismiss the Petition; (2) proceed on only his exhausted claims; or (3) amend his Petition to include the unexhausted claims and then seek a stay of the claims in his mixed Petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007). Petitioner was warned of the consequences of and requirements to exercise these options. The Court's January 3, 2014 Order directed Petitioner to advise the Court within 30 days as to which of the above-described options he wished to pursue.

On January 30, 2014, Petitioner filed a "Response and Answer to the Courts (sic) Order Of Declaring His Options in the Federal District Court and Intentions on Pursuing His Habeas Corpus" ("Response") (Docket Entry No. 6.). Petitioner's Response fails to address which of the three options he intends to pursue, and is otherwise not responsive to the Court's January 3, 2014 Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV-13-2000 - BRO (AS) | Date | February 3, 2014 |
|---|---|---|---|
| Title | Victor Esteban Alvarado, Petitioner v. G.J. Janda, Warden, Respondent. | | |

Therefore, Petitioner IS HEREBY ORDERED TO SHOW CAUSE why, if he fails to comply with the strictures of this Order, his application for a stay should not be denied for the reasons set forth in this Order and the Court's Order dated January 3, 2014. Accordingly, Petitioner is ordered, within 14 days of this Order, or no later than **February 17, 2014**, to advise the Court which of the following three options he wishes to pursue:

**Option 1:** Petitioner may request a voluntary dismissal of this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1): "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 2:** Petitioner may elect to proceed on the exhausted claims in the instant Petition. However, Petitioner is advised that if he elects to proceed with his exhausted claims, any future habeas petition containing his unexhausted claims or other claims that could have been raised in the instant Petition (but were not) may be rejected as successive.

**Option 3:** Petitioner may amend his petition to contain the unexhausted claims and, pursuant to Kelly, renew his application seeking a stay of his remaining exhausted claims while Petitioner returns to the state courts to exhaust his dismissed claim. Petitioner is warned, however, that after he has exhausted any unexhausted claim in state court, he will be able to amend his federal Petition to add this claim only if the claim is timely and "relat[es] back," to the claims in the pending petition. King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009); Mayle v. Felix, 545 U.S. 644, 664 (2005).

In order to select Option One, Petitioner may use and complete the attached Notice of Dismissal form. In order to select Option Three, Petitioner must, after filing an amended Petition, file a declaration, signed under penalty of perjury, selecting a stay pursuant to Kelly.[1]

---

[1] The Court expresses no view regarding whether Petitioner would be entitled to a stay under the standards set forth in Kelly. The Court also expresses no view regarding the timeliness of the Petition or the merits of the claims raised therein.